## MODLIN v WOOD

Ohio Appeals, 2nd Dist, Preble Co

No 105.  Decided April 26, 1941

A. J. Kause, Dayton, for defendant-appellant.

S. B. Foos, Eaton, and John P. Burke, for plaintiff-appellee.

### OPINION

BY THE COURT:

This cause had its inception in the Court of Common Pleas of Preble County, Ohio. The plaintiff's petition alleges that on the 20th day of Sep-

tember, 1937, he was the owner and entitled to immediate possession of approximately 20 "double" cords of block wood of the value of $100 located on the farm of Gertrude Wood; that on said day, the defendant "wrongfully, wilfully and maliciously" took and carried away the property and converted the same to his use; that on the 27th day of September, 1937, the plaintiff hired a trucker to haul the property, but that when he and his assistants reached the place where the wood was supposed to be, it was gone. Plaintiff prays judgment in the sum of $100 for the wood, $6 for the dray and for punitive and exemplary damages in the total sum of $1000.

The answer is a general denial.

The case was tried before a jury which rendered a verdict for plaintiff for $100.30. The defendant moved for judgment non obstante on the ground that the verdict was contrary to law and that the Court had no jurisdiction for the reason that the evidence showed a claim below $100; that the verdict is not supported by the evidence and failed to show the conversion of the property. This motion was overruled as was a motion for new trial. The final entry was to the effect that the plaintiff recover of Frank Wood, the defendant, the sum of $100.30 and $23.69 costs. An appeal was taken to this Court.

We find the transcript of the docket and journal entries and the papers certified to this Court in considerable confusion and would suggest that the Clerk and the attorneys follow more closely the statute and the rule of the Court in certifying cases to this Court.

What may be regarded as assignments of error appear upon a paper entitled "Appeal on Questions of Law" in which the various errors complained of are set out under five separate paragraphs. A brief is filed on behalf of appellant, a large part of which is devoted to the question of jurisdiction, it being claimed that the evidence disclosed that the plaintiff at no time had a claim in excess of $100. The appellee files no brief.

The petition asks for judgment in the sum of $1000 based largely on a claim for punitive damages. Sec. 10226 GC provides for the jurisdiction of Justices of the Peace to the effect that they shall have "exclusive original jurisdiction in civil actions for the recovery of sums not exceeding $100." Section 11215 GC relates to jurisdiction of the Court of Common Pleas, and it is there provided that Courts of Common Pleas shall have original jurisdiction in all civil cases where the sum or matter exceeds the exclusive original jurisdiction of justices of the peace. It is repeatedly held in text books and in decisions that it is the amount claimed in the petition and not the amount of the verdict that determines jurisdiction as between the Court of Common Pleas and the Justice's courts. The verdict may be for a smaller amount. This is also true as to the jurisdiction of Municipal Courts. 11 O. Jur. p. 681 et seq.

The petition being for a sum in excess of $100, it is not of consequence what the verdict of the jury was or what was the basis of the plaintiff's claim. If his claim was such that it could be demonstrated that it was in fact less than $100, that should have been determined on proper preliminary motions or demurrers.

A bill of exceptions was filed which we have read. It discloses the fact that on the 22nd of April, 1937, there was a farm sale of live stock and farm implements located upon a farm that had been sold by Joseph Driver to the defendant Frank Wood. The bill of sale was in considerable detail, but did not mention any fire wood. The testimony of the plaintiff is to the effect that he bought certain seasoned wood in ricks, suitable for furnace use. He was not definite as to the amount he purchased nor as to the price he paid. The defendant was called as a witness for the plaintiff as on cross-examination. Nothing of a determinative character was developed. The plaintiff testified that he bought all the wood that was on the bill and paid for the same. What bill he alluded to is not certain

as there was no wood mentioned on the sale bill. The wood he purchased was furnace wood and upon the day of the sale he hauled away approximately 5 "double" cords and that he "imagined" that there were 20 cords left. On account of heavy rains and stalling of the trucks he did not seek to haul away the balance of the wood until later in the year, August or September, at which time he discovered that the wood was gone. He instructed the trucker to haul his wood out at an earlier date. He does not testify directly that the defendant, Wood, appropriated the wood.

None of the other witnesses give any reliable evidence to the effect that the defendant took the plaintiff's property. On page 37, et seq. is disclosed the motion of the defendant to dismiss the cause for the reason that the plaintiff has failed to prove that the defendant took away the property of the plaintiff. This motion was overruled by the Court and exceptions noted. The Court stated, "while the evidence is somewhat circumstantial, yet it is in the opinion of the Court a question for the jury to determine whether or not the defendant got the particular wood in question." The Court in his general charge correctly stated that the plaintiff must establish by a preponderance of the evidence, not only that he lost or missed the wood but that the defendant did take it from his possession and he must further establish by a preponderance the quantity of wood so taken and the reasonable value of the same. On page 53, he charged to the effect that the first consideration of the jury would be whether or not the defendant wrongfully took the wood, which determination must not be the result of conjecture or speculation "but you are required to come to a conclusion from the evidence offered in the case."

The controversy between the parties with reference to this particular property has resulted in three trials in the Court below in addition to this appeal. It is highly desirable that there be a conclusion of this matter. In spite of this fact the case must be determined on legal principles.

We are of the opinion that in the trial in the Court below, there was no evidence upon which the jury may base a verdict against the defendant. There is nothing but a conjecture that the wood being missing, the defendant had appropriated it. This, of course, is but a guess. We are of the opinion that the Court erred in not sustaining the motion of the defendant at the termination of the plaintiff's evidence.

Coming now to render the judgment which the Court below should have rendered, it is ordered that the motion to dismiss be sustained.

Cause remanded.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.